**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Cesar Estanislao Alvarado Navarette,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Antone Moniz, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13057-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is petitioner Cesar Estanislao Alvarado Navarrete's ("petitioner") motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Docket No. 8). Respondents have not opposed the motion. For the reasons that follow, petitioner's motion will be allowed.

## I. <u>Procedural Background</u>

Petitioner, who was detained by U.S. Immigration and Customs Enforcement ("ICE") at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on July 2, 2026, challenging the lawfulness of his detention without a bond hearing. In their response,

respondents acknowledged that the legal issues presented were similar to those resolved by this Court in Lema Zamora v. Noem, No. 25-cv-12750-NMG, 2025 WL 2958879 (D. Mass. Oct. 17, 2025), and Lopez-Monteros v. Hyde, No. 25-cv-12629-NMG (D. Mass. Oct. 27, 2025), and that, were the Court to follow its reasoning in those cases, it would order a bond hearing pursuant to 8 U.S.C. §1226(a).

Respondents did not, however, concede that petitioner's detention was unlawful. Rather, they reserved their right to appeal, incorporated by reference the arguments they had advanced in Lema Zamora and Lopez-Monteros and noted that the Fifth and Eighth Circuits had reached contrary conclusions.

On July 8, 2026, the Court allowed the petition and ordered that petitioner be released unless he was afforded a bond hearing pursuant to 8 U.S.C. §1226(a) within seven days. Petitioner thereafter received a bond hearing before an Immigration Judge.

On July 22, 2026, petitioner filed the pending motion for attorneys' fees, seeking $2,937.50 for 11.75 hours of attorney time at a rate of $250 per hour. See 28 U.S.C. §2412(d)(2)(A). The motion is supported by an itemized statement of time sworn to by counsel. Respondents have not filed an opposition to the motion.

## II. Legal Standard

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). A party seeking fees must submit, within 30 days of final judgment, an application showing that it is a prevailing party eligible to receive an award, the amount sought and an itemized statement of the time expended and rates charged and must allege that the position of the United States was not substantially justified. §2412(d)(1)(B).

The government bears the burden of demonstrating that its position was substantially justified. Castaneda-Castillo v. Holder, 723 F.3d 48, 73 (1st Cir. 2013). To carry that burden, it must show that its position had a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The "position of the United States" encompasses both the government's litigation position and the underlying agency action that gave rise to the civil action. 28 U.S.C. §2412(d)(2)(D).

## V. Discussion

As an initial matter, the First Circuit Court of Appeals has not decided whether a petition for a writ of habeas corpus

challenging immigration detention is a "civil action" within the meaning of EAJA, and the courts of appeals are divided on the question. See Orrego Orrego v. Hyde, No. 26-cv-10260-BEM (D. Mass. May 27, 2026) (collecting cases), appeal docketed, No. 26-1864 (1st Cir. Aug. 3, 2026).

The Second, Third, Ninth and Tenth Circuit Courts of Appeals treat such petitions as civil actions for purposes of EAJA, whereas the Fourth and Fifth Circuit Courts of Appeals do not. Id. The United States Supreme Court has granted certiorari to resolve that split. Montoya Palacios v. Liggins, No. 25-1223 (U.S. cert. granted June 29, 2026).

Pending further guidance, this Court agrees with the majority approach adopted by other sessions of this Court which have construed habeas petitions challenging immigration detention as falling within the reference to "any civil action" in the EAJA. See Orrego Orrego, No. 26-cv-10260-BEM; Ndongala v. Wesling, No. 26-cv-10194-ADB (D. Mass. June 1, 2026) (noting that when the EAJA was passed in 1980, it was "well-settled" that habeas petitions were civil actions).

In addition, the July 8, 2026, order of this Court conclusively resolved petitioner's claim and afforded him the relief he sought, i.e., a bond hearing. He is therefore a "prevailing party" pursuant to EAJA.

Furthermore, respondents have not carried their burden of demonstrating that the government's position was substantially justified. In responding to the petition, respondents did not defend the lawfulness of petitioner's detention on the merits. Instead, they acknowledged that, were the Court to follow its reasoning in Lema Zamora and Lopez-Monteros, it would order a bond hearing. Respondents identified no basis in law or fact for distinguishing those cases and offered no independent justification for detaining petitioner without a bond hearing. Moreover, the underlying agency action, detaining petitioner without a bond hearing under 8 U.S.C. §1225(b)(2)(A), persisted notwithstanding the fact that this Court had repeatedly rejected the interpretation on which it rested. The government's position therefore lacked a reasonable basis in law and fact and was not substantially justified. See Pierce, 487 U.S. at 565.

Finally, the EAJA provides that

> attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee.

28 U.S.C. §2412(d)(2)(A). The First Circuit has calculated cost-of-living adjustments using the Annual Consumer Price Index for All Urban Consumers ("CPI-U"). See Castaneda Castillo, 723 F.3d at 76-77.

Petitioner seeks $250 per hour for 11.75 hours of work, for a total of $2,938 in legal fees.[1] Petitioner contends that the requested rate reflects a cost-of-living adjustment to the statutory rate based on the 2026 CPI-U for the Boston region. See 28 U.S.C. §2412(d)(2)(A). The Court finds the proposed hourly rate and overall number of hours reasonable and therefore will award petitioner $2,938 in fees.

**ORDER**

For the foregoing reasons, petitioner's motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act (Docket No. 8) is **ALLOWED.** Respondents shall pay petitioner $2,938 in attorneys' fees within 60 days of the date of this order.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 28, 2026

[1] The Court declines to deal in pennies.